**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|                                        |   |                                    |
|----------------------------------------|---|------------------------------------|
| DAVID AMODIO,                          | : |                                    |
|                                        | : | Civil Action No. 13-4355 (NLH)     |
| Petitioner,                            | : |                                    |
|                                        | : |                                    |
| v.                                     | : | **MEMORANDUM OPINION**             |
|                                        | : |                                    |
| CHARLES E. WARREN, JR., et al.,        | : |                                    |
|                                        | : |                                    |
| Respondents.                           | : |                                    |

**APPEARANCES:**

David Amodio
New Jersey State Prison
P.O. Box 861
Trenton, NJ  08625
    Petitioner pro se

**HILLMAN,** District Judge

   Petitioner David Amodio, a convicted and sentenced prisoner confined at New Jersey State Prison in Trenton, New Jersey, has filed a Petition for Stay and Abeyance, [1], in order to exhaust in state court certain challenges to his conviction of felony murder and related offenses under state law.  Petitioner has not filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.

A.   The Filing Fee Requirement

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.  Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for

leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

B.   The Request for a Stay

Petitioner has not filed a petition for writ of habeas corpus, but has filed only a request for a stay.

Petitioner states that he was convicted in the Superior Court of New Jersey, Camden County, of felony murder, in violation of N.J.S.A. 2C:11-3A(1) and (2), and related offenses. During the pendency of his direct appeals, he was re-sentenced on June 22, 2007, to a sentence of seven years on the felony murder count, with an 85% mandatory minimum period of parole ineligibility, followed by a ten-year sentence on the remaining counts.  On September 7, 2007, his petition for certification was denied by the Supreme Court of New Jersey.  See State v. Amodio, 390 N.J. Super. 313 (App. Div.), certif. denied, 192 N.J. 477 (2007).

On October 19, 2007, he filed a petition for post-conviction relief in state court.  The state court denied relief

and Petitioner appealed. Those proceedings were concluded on May 15, 2013, when the Supreme Court of New Jersey denied certification. See State v. Amodio, No. A-4350-10T1, 2012 WL 5381769 (N.J. Super. App. Div. Nov. 5, 2012), certif. denied, 213 N.J. 538 (2013).

On July 5, 2013, Petitioner submitted this Petition for stay, but submitted no actual petition for writ of habeas corpus. As grounds for the request for stay, Petitioner states that he "has other constitutional claims which must be addressed in the State court. Specifically, MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE. See petitioner's Appendix." (Petition for Stay, ¶ 17.) The referenced Appendix consists of a copy of an undated newspaper article describing how defense attorneys around the country "are using advances in the science of fire investigation to challenge arson convictions," (Petition for Stay, Appendix, *New science being used to fight convictions*, The Trentonian), and a copy of a letter to Petitioner from his counsel, dated March 30, 2012, referring to the same newspaper article, and advising Petitioner that he may wish to pursue the issue regarding new science in arson determinations through a motion for new trial, based on newly discovered evidence, after the conclusion of his direct appeal from the denial of post-conviction relief.

A state prisoner applying for a writ of habeas corpus in

federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

In recognition of the complexities facing prisoners who must exhaust their state remedies while complying with the one-year federal limitations period for § 2254 habeas petitions, see 28 U.S.C. § 2244(d)(1), the Court of Appeals for the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition [containing both exhausted and exhausted claims]." Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154. The Supreme Court, however,

has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. ... [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted). A District Court can utilize the "stay and abeyance" procedure even where a habeas petition presents *only* unexhausted claims. See Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009).

Here, however, Petitioner has failed to file any habeas petition, and the allegations of his Petition for Stay are not sufficient to assert a claim that he is in custody "in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner refers to only one claim, his asserted right to a new trial based on newly discovered evidence, but fails to describe the nature of the new evidence, or how that evidence would justify a new trial, or how denial of a new trial would violate the Constitution or laws of the United States. Accordingly, this Court cannot construe the Petition for stay as a petition for writ of habeas corpus or act to stay proceedings in this Court. See Rashid v. New Jersey, Civil Action No. 11-7033, 2011 WL 6130420 (Dec. 7, 2011) (collecting cases). Cf. Anderson v. Pennsylvania Attorney General, 82 F. App'x 745, 749 (3d Cir. 2003) (holding that a district court can exercise jurisdiction over a motion for an extension of time to file a § 2254 petition where the allegations "are sufficient to present a case or controversy").

To the extent Petitioner seeks to re-open this matter, in response to the administrative termination for failure to pay the filing fee, he must submit a petition for writ of habeas corpus in order to invoke the jurisdiction of this Court. Further, if he requests a stay, he must explain how a stay is appropriate under the Rhines v. Weber standard.

C. Notice Pursuant to Mason v. Meyers

This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the consequences of filing a

Petition for writ of habeas corpus under 28 U.S.C. § 2254.

Prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d). Once Petitioner has filed his one all-inclusive petition, he will lose the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances. Accordingly, should Petitioner seek to re-open this matter, and to file a petition for writ of habeas corpus under 28 U.S.C. § 2254, that petition should contain all of Petitioner's challenges to his conviction, whether or not exhausted in state court.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice. Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis. Any such application to re-open must be accompanied

by Petitioner's one all-inclusive petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 and, to the extent Petitioner seeks to stay proceedings, an explanation of the grounds for stay that addresses the standard set forth in <u>Rhines v. Weber</u>.

    An appropriate Order will be entered.


At Camden, New Jersey                      <u>s/ Noel L. Hillman</u>
                                                  Noel L. Hillman
                                                  United States District Judge

Dated: September 30, 2013