```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
DAVID AMODIO,                 :
                              :
          Petitioner,         :   Civ. No. 13-4355 (NLH)
                              :
     v.                       :   OPINION
                              :
CHARLES E. WARREN, JR.,       :
                              :
          Respondent.         :
_____:
```

APPEARANCES:
David Amodio, #242285-B
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625
     Petitioner, Pro se

HILLMAN, District Judge

    Petitioner David Amodio, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2254, challenging his New Jersey state court conviction. (ECF No. 1).  This matter is presently before the Court for consideration of Petitioner's Amended Petition (ECF No. 4), which includes a request for a stay and abeyance of these proceedings so that Petitioner can exhaust certain challenges to his conviction in state court.  For the reasons set forth below, Petitioner's request for a stay will be DENIED and Petitioner is directed to respond to the Court within 45 days as to how he wishes to proceed in this matter.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As summarized by the state appellate court:

Defendant was charged with first-degree murder of Kollin Pimental (Kollin), N.J.S.A. 2C:11-3(a)(1) or (2) (count one); first-degree murder of Lisa Pimental (Lisa), N.J.S.A. 2C:11-3(a)(1) or (2) (count two); first-degree felony murder of Kollin, N.J.S.A. 2C:11-3(a)(3) (count three); first-degree felony murder of Lisa, N.J.S.A. 2C:11-3(a)(3) (count four); first-degree aggravated arson, N.J.S.A. 2C:17-1(a)(1) (count five); third-degree hindering his own apprehension or prosecution, N.J.S.A. 2C:29-3(b)(1) (count six); and fourth-degree contempt of a domestic violence restraining order, N.J.S.A. 2C:29-9(b) (count seven).

. . .

The jury found defendant not guilty of the murder of Kollin as charged in count one, but found him guilty of the lesser-included offense of first-degree aggravated manslaughter.  The jury found defendant not guilty of the murder of Lisa, as charged in count two, but found him guilty of second-degree passion/provocation manslaughter.

The jury additionally found defendant guilty of first-degree felony murder of Kollin, as charged in count three; not guilty of felony murder of Lisa, as charged in count four; not guilty of first-degree arson, as charged in count five, but guilty of the lesser-included offense of third-degree arson; guilty of hindering his own apprehension or prosecution, as charged in count six; and guilty of contempt, as charged in count seven.

At sentencing, the trial court merged counts one and five with count three, and sentenced defendant to life imprisonment on count three, with a thirty-year period of parole ineligibility.  The court imposed a consecutive term of ten years on count two, with a period of parole ineligibility as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The court also imposed concurrent terms of four years on count six and nine months on count seven.

2

State v. Amodio, No. A-4350-10T1, 2012 WL 5381769, at *1, 2 (N.J. Super. Ct. App. Div. Nov. 5, 2012).

Petitioner appealed his conviction. The state appellate court affirmed in part, reversed in part, and remanded for re-sentencing on count two. State v. Amodio, 390 N.J. Super. 313, 915 A.2d 569 (App. Div. 2007). The Supreme Court of New Jersey denied Petitioner's petition for certification. State v. Amodio, 192 N.J. 477, 932 A.2d 28 (2007).

Petitioner then filed his first petition for Post-Conviction Relief ("PCR"), which was denied on November 12, 2010. Petitioner appealed the PCR court's decision and, on November 5, 2012, the state appellate court affirmed the PCR court's denial of Petitioner's claims. State v. Amodio, No. A-4350-10T1, 2012 WL 5381769, at *6 (N.J. Super. Ct. App. Div. Nov. 5, 2012). The New Jersey Supreme Court denied his petition for certification. State v. Amodio, 213 N.J. 538, 65 A.3d 263 (2013).

Shortly thereafter, on or about July 18, 2013, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On September 30, 2013, this case was administratively terminated due to Petitioner's failure to satisfy the filing fee requirement. (ECF No. 3). In the Court's September 30, 2013 Opinion, the Court noted that Petitioner had not filed a true petition for writ of habeas corpus, but had

3

only filed a request for a stay. After a thorough analysis the Court denied Petitioner's request for a stay, and informed Petitioner that if he sought to reopen this matter, he would be required to submit a petition for writ of habeas corpus in order to invoke the jurisdiction of this Court. (ECF No. 2). To the extent he sought a stay, the Court informed Petitioner that he must explain how a stay was appropriate under <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

On or about November 25, 2013, Petitioner filed an Amended Petition and paid the required filing fee. (ECF No. 4). The case was reopened for review by a judicial officer. (ECF No. 5). In addition to submitting an Amended Petition, Petitioner again requests a stay of these proceedings so that he can return to state court and exhaust a final claim.

## II.   <u>REQUEST FOR STAY</u>

In his federal habeas petition, Petitioner asserts thirteen grounds for relief. Petitioner concedes that his final ground for relief, Ground Thirteen, is unexhausted and he explains that it "has not been presented to the highest state court because they have [sic] just been discovered." (Am. Pet. 28, ECF No. 4). As Petitioner states that the remaining grounds are exhausted, this makes his petition a "mixed petition" and, therefore, subject to dismissal, as discussed in more detail below.

In his argument in support of his request for a stay (Am. Pet. 9-14, ECF No. 4), Petitioner cites a substantial amount of relevant case law.  With regard to his unexhausted claim, however, Petitioner provides only the following information:

> Petitioner has Newly discovered Evidence, evidence that where [sic] discovered after all the appeal were in and ruled up. (See also Habeas Corpus Petition, and Appendix)  This unexh[a]usted issues that were not raised by none of petitioner's counsel through out all his proceedings, with the help of a paralegal here at the prison, and petitioner pouring over the trial transcripts, and doing research only ten was petitioner able to discover these unexh[a]usted issues.  And petitioner was denied a[n] evidentiary hearing in state court in which petitioner's exhausted issues w[ere] clearly related to issues that w[ere] off the record concerning trial and appellant counsel.  Petitioner also submits that assigned PCR counsel failed to raise most of his issues, and did not communicate with Petitioner concerning the unexh[a]usted issues.  The trial court and the state failed to address some of petitioner's issues that were presented, therefore denying petitioner a fair hearing on the merits and denying petitioner an evidentiary hearing.  Petitioner's unexh[a]usted issues in part are dealing with Newly Discovered Evidence, dealing with Arson Investigations and the new science.

(Am. Pet. 13-14, ECF No. 4).

Petitioner attaches the same two documents to his current request for a stay (Am. Pet. 17-18, Appendix, ECF No. 4) as were attached to his previous request (Pet. 11-12, Appendix, ECF No. 1).  Specifically, Petitioner's Appendix consists of a copy of an newspaper article describing how defense attorneys around the country "are using advances in the science of fire investigation

to challenge arson convictions," (Am. Pet. 17-18, Appendix, New science being used to fight convictions, The Trentonian, Feb. 1, 2012, ECF No. 4), and a copy of a letter to Petitioner from his counsel, dated March 30, 2012, referring to the same newspaper article, and advising Petitioner that he may wish to pursue the issue regarding new science in arson determinations through a motion for new trial, based on newly discovered evidence, after the conclusion of his direct appeal from the denial of post-conviction relief.

### III. DISCUSSION

A. Motion for Stay

  1. Standard

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called "mixed petitions") so as to allow the State courts the first opportunity to address the petitioner's constitutional claims. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed

6

petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 3344(d).  See Crews, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)).  Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  See Crews, 360 F.3d at 151.

    The Supreme Court likewise has acknowledged there could be circumstances where dismissal of a mixed petition for exhaustion would result in the one-year habeas statute of limitations expiring before the petitioner was able to return to federal court.  See Rhines v. Weber, 544 U.S. 269, 272-73 (2005).  The Court held that, in limited circumstances, district courts have discretion to hold a habeas proceeding in stay and abeyance while the petitioner exhausts his unexhausted claims in state court.  Id. at 277.   A stay and abeyance is available only when the petitioner had good cause for failing to exhaust his claims; and only if the claims have potential merit.  Id. at 277-78.

7

Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of Rhines," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in Rhines, which cautions that ... [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner[.]'" Locust v. Ricci, No. 08-2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (quoting Ellison v. Rogers, 484 F.3d 658, 662 (3d Cir. 2007) (citations omitted)).

2. Analysis

In this case, Petitioner has properly invoked this Court's jurisdiction, and cured the jurisdictional deficiency noted in the September 30, 2013 Opinion, by filing his Amended Petition pursuant to 28 U.S.C. § 2254.  Petitioner concedes that Ground Thirteen remains unexhausted and, thus, the Court is presented with a mixed petition.

Petitioner seeks a stay so that he can return to state court and exhaust his additional claim, Ground Thirteen, which Petitioner describes as "Newly Discovered Evidence." (Am. Pet. 13, 28, ECF No. 4).  However, Petitioner does not indicate with any specificity what this newly discovered evidence consists of, and instead states that it "deal[s] with Arson Investigations and the new science." (Am. Pet. 14, ECF No. 4).  Presumably,

8

Petitioner believes that the newspaper article in the referenced Appendix of his submission also supports his request for a stay.

Because Petitioner fails to provide any details — aside from the newspaper article — as to the substance or content of this alleged new evidence, and because Petitioner fails to offer any specific information as to how this new evidence would have affected his case, Petitioner has failed to demonstrate that this claim has potential merit. Rhines, 544 U.S. at 277-78.

Further, the Court notes that in his argument in support of his request for a stay, Petitioner appears to assert a claim for ineffective assistance of PCR counsel. (Am. Pet. 14, ECF No. 4) ("Petitioner also submits that assigned PCR counsel failed to raise most of his issues, and did not communicate with Petitioner concerning the unexh[a]usted issues."). To the extent Petitioner seeks a stay so that he can also exhaust this particular claim in state court, this Court finds that this claim is without merit. Allegations regarding ineffective assistance of PCR counsel do not state a claim on federal habeas review. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Coleman v. Thompson, 501 U.S. 722, 752-53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (holding no constitutional right to counsel in state

9

post-conviction relief proceedings and, consequently, no federal habeas relief for ineffective assistance of counsel in state post-conviction relief proceedings); Taylor v. Horn, 504 F.3d 416, 437 n. 17 (3d Cir. 2007) (same).

For the foregoing reasons, Petitioner's Request for a Stay will be DENIED.

B. Mixed Petition

When faced with a petition, such as the Petition presently before the Court, which contains both exhausted and unexhausted claims, a district court has four options: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2). See Rhines, 544 U.S. at 277–78; McLaughlin v. Shannon, 454 F. App'x 83, 86 (3d Cir. 2011); Mahoney v. Bostel, 366 F. App'x 368 371 (3d Cir. 2010); Urcinoli v. Cathel, 546 F.3d 269, 276 (3d Cir. 2008).

As discussed above, the first option — stay and abeyance — is not appropriate in this case because Petitioner has failed to provide any details regarding his new claim and, thus, has failed to demonstrate how or why his unexhausted claim has potential merit.

The fourth option — denying the unexhausted claims on the merits — is likewise not appropriate in this case. Denial of an unexhausted claim is proper only if the claim is plainly without merit. See Rhines, 544 U.S. at 277; Carracosa v. McGuire, 520 F.3d 249, 255 n. 10 (3d Cir. 2008) (citing Lambert v. Blackwell, 387 F.3d 210, 260 n. 42 (3d Cir. 2004) (holding that denial of an unexhausted claim on the merits is consistent with the statute). Without knowing the contours of Petitioner's new claim, this Court is not prepared to hold that it is plainly without merit at this early stage. See, e.g., Ragland v. Barnes, No. 14-7294, 2015 WL 1035428, at *3 (D.N.J. Mar. 10, 2015) (declining to deny unexhausted claim as an option for dealing with mixed petition); Smith v. Conway, No. 10-1097, 2014 WL 1050551, at *9 (D.N.J. Mar. 17, 2014) (same).

The third option — dismissing the petition without prejudice as unexhausted — is undesirable. It is unclear from Petitioner's submission whether he has presented this new claim to the state court and whether it has been deemed properly filed.[1] This is significant because pursuant to New Jersey Court Rule 3:22-12(a)(1), except in certain limited circumstances, a PCR petition must be filed no later than five years after entry

---

[1] The Amended Petition indicates only that Ground Thirteen has "not been presented to the highest state court[.]" (Am. Pet. 28, ECF No. 4).

11

of the judgment of conviction.  In this case, the judgment of conviction was entered in 2004.  Thus, as of the date of the filing of the Amended Petition, Petitioner was beyond the five-year statute of limitations for the filing of a state PCR petition.  Unless the circumstances of this case fit under one of the limited exceptions to this time constraint, any future-filed PCR petition will be time-barred.

Accordingly, if the instant Amended Petition is dismissed for lack of exhaustion and then Petitioner's state PCR petition is dismissed as improperly filed, the AEDPA statute of limitations will not be tolled during the pendency of a state PCR petition, and a new federal habeas petition may be time-barred. See Morris v. Horn, 187 F.3d 333 (3d Cir. 1999) (holding that a State collateral relief petition will only operate to toll one-year statute of limitations on federal habeas corpus petition under AEDPA if it is "properly filed," and submitted according to the state's procedural requirements).  In other words, if the instant Amended Petition is dismissed without a stay and abeyance, Petitioner may be precluded by the statute of limitations from returning to federal court for habeas relief.

Therefore, under the circumstances of this case, the second option — allowing Petitioner to delete the unexhausted claims and proceed on the exhausted claims — is a viable course of action. See Reeves v. Holmes, No. 11-5700, 2014 WL 2196491, at

*4 (D.N.J. May 27, 2014) ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.") (citing Rhines, 544 U.S. at 277-78).

Accordingly, Petitioner shall notify the Court within 45 days as to whether he wishes to delete the unexhausted claim — Ground Thirteen — and proceed before this Court in the instant Amended Petition on the exhausted claims.  In the alternative, Petitioner may inform the Court that he wishes to have the Petition dismissed without prejudice as unexhausted.  Petitioner can then file a new federal habeas petition at the conclusion of his state PCR proceedings after he has exhausted all claims.

Petitioner is on notice, however, that it is possible that the one-year AEDPA statute of limitations period will have expired by the time all appeals of his PCR petition are completed.[2]  As a result, Petitioner could be forever foreclosed from seeking federal habeas relief.

---

[2]   Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  A properly filed PCR

13

If no response is received from Petitioner within 45 days, the Petition will be ruled upon as filed.

IV. CONCLUSION

For the foregoing reasons, Petitioner's Request for a Stay is DENIED.  Petitioner is directed to notify the Court, in

---

application will statutorily toll the AEDPA limitations period. See 28 U.S.C. § 2244(d)(2).

As set forth above, Petitioner in this case appealed his conviction and, after the appellate court affirmed, he filed a petition for certification to the New Jersey Supreme Court, which was denied.  Petitioner then filed a timely petition for PCR.  Accordingly, the AEDPA limitations period was tolled during the pendency of his PCR proceedings. See 28 U.S.C. § 2244(d)(2).  The trial court denied his PCR petition and the appellate court affirmed this decision.  The New Jersey Supreme Court denied certification on May 15, 2013. State v. Amodio, 213 N.J. 538, 65 A.3d 263 (2013).  Using this date, the one-year statute of limitations period began to run on May 15, 2013 and, absent any reason for tolling, would have expired on May 16, 2014. See Duncan v. Walker, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (Application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA); thus, time for filing federal habeas petition was not tolled during pendency of petitioner's first federal habeas petition).

Therefore, if Petitioner did not file a new state PCR petition prior to May 16, 2014, then the one-year AEDPA statute of limitations has already expired.  The Court notes that if Petitioner did file his state PCR petition prior to May 16, 2014, and if that PCR petition is deemed properly filed, it will again toll the statute of limitations, see 28 U.S.C. § 2244(d)(2).  However, if it is not deemed properly filed, it will not toll the statute of limitations, and any future filed federal habeas petition will be untimely as beyond the one-year AEDPA limitations period.  At this juncture, however, the Court declines to make any findings with respect to the timeliness of the petition.

writing, within 45 days as to how he wishes to proceed in this matter.

    An appropriate Order will be entered.

                                    __s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
                                    United States District Judge

Dated: February 11, 2016
At Camden, New Jersey